AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.

OCT 07 2019

AT____ O'CLOCK____

John M. Domurad, Clerk - Syracuse

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| POOJABEN PATEL, | ) |
| CHANDANI BHATT, | ) |
| BHARATIBEN PATEL, | ) |
| DARSHAN PATEL, | ) |
| SANDPKUMAR PATEL and | ) |
| ANKITA PATEL | ) |
| **Defendants** | ) |

Case No. 8:19-MJ-643 (TWD)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of October 5, 2019 in the county of St. Lawrence in the Northern District of New York the defendants violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Illegal Entry by Alien |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒    Continued on the attached sheet.

_____
*Complainant's signature*

Ryan H. O'Grady, Border Patrol Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct 7, 2019

_____
*Judge's signature*

City and State:    Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

**I, Ryan H. O'Grady, being duly sworn, depose and state the following:**

1. I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP), Swanton Sector.  I am assigned to the Ogdensburg Border Patrol Station. I have been a Border Patrol Agent since December 2008. One of the Border Patrol's primary missions is the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol agent's authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico covering a range of law enforcement techniques and subject areas.

2. I make this affidavit in support of a criminal complaint charging Poojaben PATEL, Chandani BHATT, Bharatiben PATEL, Darshan PATEL, Sandipkumar PATEL, and Ankita PATEL (collectively, "the Defendants") with illegally entering the United States in violation of 8 U.S.C. § 1325(a)(1).

3. All information contained in the affidavit is either personally known to me or has been relayed to me by other law enforcement agents either in writing or otherwise. Because this affidavit is being submitted for the limited purpose of securing a

1

criminal complaint, I have not included each and every fact known to law enforcement regarding this investigation. Rather, I have set forth only the facts I believe are necessary to establish probable cause for the above-identified violation.

4.  On October 4, 2019, Border Patrol agents were at the Best Western University Inn in Canton, New York. There, they saw individual – later identified as Kumanaraj THURAIRAJAH[1] – attempt to check into the hotel. The hotel clerk, however, informed THURAIRAJAH that he was too early to check-in. On or about September 30, 2019, another individual had tried to rent a room for four Indian nationals at the same hotel but had been denied because he did not have any identification. Four of the individuals involved in the September 30 incident were later arrested and charged with illegal entry.

5.  On the morning on October 5, 2019, Border Patrol agents observed THURAIRAJAH in the parking lot of the Fairfield Inn and Suites in Canton, New York. THURAIRAJAH was smoking cigarettes and standing next to a black minivan. Record checks revealed that the vehicle was a rental registered out of Ontario, Canada, and that the vehicle crossed into the United States through the Peace Bridge in Buffalo, New York on October 1, 2019 with one male occupant.

6.  At approximately 9:20 A.M., agents observed a tan minivan bearing a New York license plate enter the parking lot and park near the black minivan. Record checks revealed that the tan van was registered to an address in Hogansburg, New York. Hogansburg is on the Akwesasne Indian reservation, which straddles the U.S./Canadian border. The Akwesasne Reservation has several unguarded border

---

[1] THURAIRAJAH has been charged under 8 U.S.C. § 1324 by a separate complaint.

roads, which often allow individuals to cross the border undetected.  In my experience as a Border Patrol agent, the reservation is frequently used to smuggle humans and narcotics.

7.  Agents observed several individuals exit the tan minivan and enter the black minivan. In my experience, this type of transfer from one vehicle to another is a common means of transporting illegal aliens and is consistent with recent smuggling activity in the Ogdensburg area.  Once the individuals got into the black minivan, the tan minivan drove away. The black minivan left the Fairfield Inn at about 9:23 A.M.

8.  The above-mentioned observations were relayed to marked Border Patrol units. Agents identified the black minivan and conducted a roving patrol vehicle stop in Pierrepont, NY. Pierrepont is located to the southeast of Canton, which suggests the minivan was driving away from the border. Inside the car, there was the driver – THURAIRAJAH – and six passengers, later identified as the Defendants. Agents identified themselves as Border Patrol agents and informed the vehicle's occupants that they were conducting an immigration inspection.

9.  Agents questioned the driver, THURAIRAJAH, as to his citizenship, and he replied that he was a Canadian citizen.  Agents asked THURAIRAJAH the identity of the passengers in his vehicle, and he stated that the individuals were his friends.  Agents asked the Defendants individually what their citizenship was, to which they all replied "India." Agents asked if any of the passengers had identification on them and they all shook their heads to indicate "no."  Several of the individuals appeared nervous; they kept their heads down during questioning and avoided eye contact with the agents.  The driver was the only one who was able to produce identification, in the

3

form of a Canadian driver's license and passport. Agents ran a search through an immigration records database and determined that THURAIRAJAH was a naturalized Canadian citizen originally born in Sri Lanka. They also discovered that one of the Defendants, BHATT, had previously been denied a visa to enter the United States.

10. While speaking to the agents, THURAIRAJAH said he had met the Defendants that morning and that he was giving them a ride to New York City to make money. He said that the Defendants were going to pay him when they arrived in New York City. However, when agents asked THURAIRAJAH how much they were going to pay him, he refused to answer. At this point, the agents believed that the Defendants were present in the United States illegally. All of the Defendants and THURAIRAJAH were transported to the Ogdensburg Border Patrol Station for further investigation and processing.

11. At the Ogdensburg Border Patrol Station, the Defendants provided their names. Each Defendants was also fingerprinted, and their fingerprints and names were run through a database to determine whether there was any record of them crossing a legal port of entry or having a valid immigration status. No records were found. Three of the Defendants – BHATT, Poojaben PATEL, and Ankita PATEL – also told the agents that they crossed into the United States by boat.

12. An inventory search was done of the black minivan. During that search, agents discovered $3,540.00 in U.S. currency and $300 in Canadian currency.

4

13. I respectfully submit that the above facts constitute probable cause that on or about
October 5, 2019, Poojaben PATEL, Chandani BHATT, Bharatiben PATEL, Darshan
PATEL, Sandipkumar PATEL, and Ankita PATEL violated 8 U.S.C. §1325(a)(1).

 

Ryan H. O'Grady
Border Patrol Agent
United States Border Patrol

Subscribed to and sworn to before
me this 7th day of October, 2019

Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge